IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GLORIA J. NORMAN,<br><br>                  Plaintiff<br><br>       VS.<br><br>JOANNE B. BARNHART,<br>S.S. Commissioner,<br><br>                  Defendant | NO. 5:05-CV-220 (CWH)<br><br>SOCIAL SECURITY APPEAL |

## O R D E R

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

### History

On April 5, 2001, plaintiff filed an application for Disability Insurance Benefits. She alleged disability commencing on July 1, 1999, due to back pain and mental anguish. The application was denied initially, and after further review. After a hearing before an administrative law judge (ALJ), the claim was again denied in a decision dated August 19, 2004. Finally, on May 2, 2005, the Appeals Council affirmed the ALJ's decision. This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

In this appeal, the plaintiff contends that the Commissioner's decision is not based upon substantial evidence because the ALJ failed to assign proper weight to the treating physicians' opinions; failed to reconcile all the evidence with his conclusion pursuant with applicable Social Security rulings; failed to apply proper pain analysis; and , failed to make a proper credibility analysis. Because this appeal focuses exclusively on the disputed interpretation of evidence and only challenges any standards to the extent that the plaintiff alleges incorrect weights being assigned to varying evidence, this court is very limited in its review.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

impairment which prevents the performance of basic work activities.  Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

"In evaluating the medical evidence, the Secretary must accord substantial or considerable weight to the opinion of a claimant's treating physician unless good cause is shown to the contrary." *Schnorr v. Bowen*, 816 F. 2d 578, 581 (11th Cir. 1987) (internal punctuation omitted).  In the case at bar,  two doctors, Donna Groover and Joel Brende, opined that the plaintiff was disabled and could not work.  The ALJ did not afford those opinions controlling weight (Tr. 21) and stated two reasons for not doing so.  First, the ALJ found that their "opinions are not supported by the medical evidence";  second, the ALJ found that the matter of whether or not an individual is disabled and therefore not able to work "is a finding of fact reserved to the Commissioner". *Id.*  This second reason is settled law in the Eleventh Circuit so the ALJ's dismissing any conclusory statements regarding the plaintiff's ability to work would be appropriate.  *Bell v. Bowen*, 796 F. 2d 1350, 1353-1354 (11th Cir. 1986).  The doctors never gave such conclusory opinions, however, but rather detailed the plaintiff's limitations due to her medical conditions, which is exactly what medical sources are supposed to do in these proceedings.  That leaves the matter of whether the opinions of Drs. Groover and Brende were contradicted by medical evidence.

- 3 -

While acknowledging that they were treating sources, the ALJ stated that "Drs. Groover and Brende's medical opinions . . . are not supported by the medical evidence," parenthetically noting that "no treating or examining physician has placed any limitations or restrictions upon the claimant." Tr. 21. The ALJ went on to say that still other medical evidence contradicts their opinions that the claimant is disabled. *Id.*

Doctors Brende and Groover the are only two treating physicians whose evidence is available in this case and, contrary to the finding of the ALJ, both doctors placed significant restrictions on the claimant. Dr. Brende found that in an eight hour day, the plaintiff would need to stand up and walk around at least hourly, not returning to sit for a half hour (Tr. 314); is incapable of tolerating even low stress; and would be absent, tardy, or forced to leave work early more than three times per month (Tr. 317). Dr. Brende's Functional Capacity Assessment of the plaintiff included the following findings:

> *Her concentration is impaired so that she cannot carry out detailed instructions. She is not able to maintain attention and concentration for extended periods.*
>
> *She would not be punctual or maintain regular attendance in a workplace setting. She would not be able to work in proximity or in coordination with other people without being easily distracted by others. This problem with concentration, emotional liability, and intrusive recollections interferes with her decision making ability.*
>
> *She could not be expected to get along with people in the general public, and particularly to get along with coworkers or peers without exhibiting emotionality and angry outbursts.*
>
> *She does not have the capacity to deal with change and would not respond well to changes in the work setting. She would not be able to take appropriate precautions with hazards. She could not travel to unfamiliar places.*

Tr. 326

Dr. Groover's findings are consistent with Dr. Brende's. She found that the plaintiff is incapable of even low stress (Tr. 350); the plaintiff would very frequently need to take unscheduled rest breaks at unpredictable intervals which would last for at least 45 minutes (Id.); the plaintiff would on the average be absent from, late for work, or need to leave work early at least three times per month (Id.); and that the plaintiff has severe levels of both pain and fatigue (Id. at 346).

It appears that the ALJ chose to entirely disregard the above-stated symptoms and conditions. After stating all of the conditions that he thought affected the plaintiff[2], the ALJ posed hypotheticals to the vocational expert (VE).  When asked if there were any jobs in the economy for which a hypothetical individual with the symptoms and/or conditions of the plaintiff that the ALJ believed credible and who could not deal with even low levels of stress, the VE responded in the negative. The VE also testified that this hypothetical individual would be precluded from any job in the economy if she were to miss five days per month due to illness or were not able to handle the pressure to stay on a schedule and/or production quota.  Tr. 390-393.

If the ALJ had found *either* Dr. Brende *or* Dr. Groover's opinions to be credible with respect to *either* the level of stress tolerable by the plaintiff *or* the amount of time the plaintiff would be forced to miss work, then presumably the ALJ would have awarded benefits because there are no jobs in the economy suitable for someone who fits either of those descriptions (in addition to having the plaintiff's other conditions, which the ALJ apparently accepted as true).

Social Security law is very clear that absent conclusive medical evidence to the contrary, treating physicians' opinions are to be given substantial weight.  *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155 (11th Cir. 2004).  In this case the only evidence that contradicts the two treating physicians with respect to the plaintiff's ability to tolerate stress or amount of time the plaintiff would be forced to miss work comes from the *opinions* of medical *consultants* who present no more "conclusive medical evidence" than do the treating physicians.  Accordingly, the ALJ should have afforded the treating physicians controlling weight, and should have therefore found disability and awarded benefits.

---

[2] Based on the transcript of the hearing, it appears that the ALJ found that the plaintiff (1) can only do light work –  lifting no more than 20 pounds occasionally and 10 pounds frequently; (2) can only occasionally stoop, crouch, or crawl; (3) is limited to unskilled work with an SVP of 1 or 2; (4) can not deal with the general public other than coworkers; (5) must avoid concentrated exposure to excessive pulmonary irritants; and (6) cannot work on ladders, ropes, scaffolds, or at unprotected heights.  Tr. 390-391.

For the foregoing reasons, the ALJ's decision is **REVERSED** and **REMANDED** for award of benefits.

SO ORDERED AND DIRECTED, this 19th day of APRIL, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE